UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN ANDREW HASSEL**, <br> Plaintiff, <br> v. <br> **DHCS MEDI-CAL PROGRAM BENEFICIARY SERVICES, ET AL.**, <br> Defendants. | Case No. 14-cv-05642-YGR <br><br> **ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE** |

Plaintiff John Andrew Hassel, proceeding *pro se*, filed suit against defendants DHCS Medi-Cal Program Beneficiary Services, *et al.*, on September 16, 2014 in San Francisco Superior Court, apparently alleging claims of general negligence, breach of contract, medical malpractice, infliction of emotional distress, defamation, and violations of the Americans with Disabilities Act ("ADA") against named defendants and DOES 1-1001, inclusive. (Dkt. Nos. 1; 1-2.) He seeks $20 million in damages. (Dkt. No. 1-1.)

The case was subsequently removed to this Court on December 29, 2014, and defendants filed a motion to dismiss on January 5, 2015. (Dkt. Nos. 1; 6.) Plaintiff appears to have attempted to respond to the motion to dismiss, as he sent counsel for defendants a copy of what appears to be a response. Plaintiff did not, however, file the response on the docket. Accordingly, attached to their reply in support of the motion to dismiss, defendants attached scanned copies of plaintiff's response. These papers were filed together on February 10, 2015. (Dkt. No. 8.)

Having carefully considered the papers submitted and the complaint in this action, and for the reasons set forth below, the Court **GRANTS** the motion to dismiss, but provides plaintiff leave to amend.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. *Allarcom Pay Television. Ltd. v. Gen. Instrument Corp.*, 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. *Id.* at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id.* at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 556 U.S. 679.

**DISCUSSION**

The Court has reviewed the substance and form of plaintiff's complaint and his state court filings. (Dkt. No. 1 and attachments.) In its current form, the complaint is unclear and ambiguous. Plaintiff lists statutory sections and states that defendants committed violations thereof, but plaintiff's complaint is devoid of coherent factual allegations supporting an inference

that such violations indeed occurred, and does not identify clearly which defendants committed which of the listed violations. Rather, perhaps because plaintiff's complaint seeks to conform to a fillable form, what allegations the complaint does contain are incoherent and disjointed. (*See* Dkt. No. 1-2 at 4, *et seq.*) Furthermore, plaintiff appears to have written this complaint in some sort of computer code, with multiple errant punctuation marks and brackets, which has made it difficult for the Court to discern what is the substance of his legal claims, or the factual basis to support an inference that any violation indeed occurred.

Although *pro se* pleadings are construed with extreme liberality, here the Court cannot begin to speculate as to what factual basis there may be for each of plaintiff's myriad claims. Plaintiff must make this clear. Plaintiff's complaint need not be artful or prolific; a short and plain statement showing that plaintiff is entitled to relief and that his claims are plausible both on the facts and the law is sufficient. But as it stands now, plaintiff's complaint does not meet this standard and no meaningful analysis of his claims is possible for purposes of the instant motion to dismiss.

## Conclusion

Accordingly, defendants' motion to dismiss is **GRANTED**. Plaintiff shall have 30 days from the date of this Order to file a First Amended Complaint with the Court.

The Court advises plaintiff that a Handbook for Pro Se Litigants, which contains helpful information about proceeding without an attorney, is available in the Clerk's office or through the Court's website, http://cand.uscourts.gov. The Court also advises plaintiff that additional assistance may be available by making an appointment with the Legal Help Center. There is no fee for this service. To make an appointment with the Legal Help Center in San Francisco, Plaintiff may visit the San Francisco Courthouse, located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, 94102, or call 415/782-9000 (ext. 8657). Plaintiff may also visit the Court's website or call the phone numbers listed above for current office hours, forms and policies.

1    This order terminates Docket Numbers 6 and 9.

3    **IT IS SO ORDERED.**

4    Dated: March 3, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**