UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN ANDREW HASSEL**, <br> Plaintiff, <br> v. <br> **DHCS MEDI-CAL PROGRAM BENEFICIARY SERVICES, ET AL.** <br> Defendants. | Case No. 14-cv-05642-YGR <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING PLAINTIFF'S EX PARTE APPLICATION AS MOOT; REMANDING ACTION TO STATE COURT** <br><br> Re: Dkt. Nos. 17 and 24 |

Plaintiff John Andrew Hassel, proceeding *pro se*, brings this removed action against defendants, apparently alleging tort claims under the Federal Tort Claims Act ("FTCA"), violations of the Americans with Disabilities Act ("ADA"), and a single violation of the Social Security Act ("SSA") against federal and state defendants and DOES 29-1000, inclusive. Presently before the Court are two motions. First, the federal defendants move to dismiss plaintiff's first amended complaint ("FAC"), requesting two forms of relief, namely: (1) dismissal of the individual federal defendants and substitution of the United States of America as the only proper defendant with respect to plaintiff's FTCA claims; and (2) dismissal of the FAC with prejudice. (Dkt. No. 17 ("Mtn.").) Thereafter, plaintiff submitted a filing entitled "Plaintiffs Opposition Ex Parte Application, Granting Judgment as a Matter of Law." (Dkt. No. 24.)

Having carefully considered the pleadings in this action and the papers submitted,[1] and for the reasons set forth below, the Court **GRANTS** the federal defendants' motion to dismiss. Because the presence of the dismissed federal defendants formed the basis for removal under 28 U.S.C. section 1442(a)(1), and because no party seeks to invoke the Court's jurisdiction on other grounds, the Court *sua sponte* **REMANDS** the action to the San Francisco Superior Court for adjudication of

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument.

any remaining claims against the state defendants. The Court likewise **DENIES AS MOOT** plaintiff's ex parte application as to the claims against the federal defendants.

### I. PROCEDURAL AND FACTUAL BACKGROUND

The Court recounted, and will not repeat here, the history of this previously removed case in its March 3, 2015 order granting defendants' first motion to dismiss without prejudice. (Dkt. No. 11.) That order allowed plaintiff leave to amend, and on March 26, 2015, plaintiff filed the FAC. (Dkt. No. 13 at 28-46).[2]

The FAC and its accompanying submission contain a jumble of documents and allegations. The docket entry containing the FAC is actually comprised of more than 1,300 pages of materials, the relevance of which is not immediately apparent. As an initial matter, plaintiff is not entirely clear as to who he seeks to sue. The original complaint named only DHCS Medi-Cal Program Beneficiary Services as a defendant in the caption (Dkt. No. 1, Exh. 1 at 1), but then otherwise referenced the San Francisco VA Medical Center ("SF VAMC") and its employee Dr. Shalini Patel, M.D., as defendants. (Dkt. No. 1, Ex. 1 at 1, 4.)[3] The FAC specifically names twenty-eight individuals[4] as defendants (including Dr. Patel) on a fillable template, even listing their names and addresses in most instances.[5] (*See* FAC ¶¶ b1-26.) The allegations in the FAC indicate – and the federal defendants affirm in their motion – that twenty-two of these individuals are or were federal employees primarily of SF VAMC; the remaining six individuals appear to be current or

---

[2] The Court agrees with defendants that the only pages that can reasonably be construed as the FAC itself are found at pp. 28-46 of the main docket entry, number 13.

[3] Although she is mentioned nowhere in the original complaint, the federal defendants advise that Catherine Kortzeborn – Deputy Regional Administrator, Region IX, for the Centers for Medicare & Medicaid Services ("CMS") – also received a copy of the summons and complaint in the state court action before it was removed. (Mtn. at 17:10-15.)

[4] The caption to the FAC additionally names Alex G. Tse and Does 29-1000. Plaintiff did not serve Mr. Tse. The Court agrees with the federal defendants that Mr. Tse was likely named because his name has appeared on their pleadings in this action as Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of California. Nothing in the FAC indicates that plaintiff intends to recover against Mr. Tse as a defendant. Regardless, the FAC contains no factual allegations against Mr. Tse, and so no claim could survive.

[5] Although the FAC contains print-outs apparently showing that plaintiff added a long list of individuals to the state court file-and-serve list (FAC at pp. 34-39), plaintiff did not personally serve the twenty-eight named individual defendants.

former California state employees. (*See* FAC ¶ b1-28, Mtn. at 4.) Plaintiff then also explicitly refers to SF VAMC as the liable party in the FAC. (*Id.* ¶ 5a) To complicate the issue further, plaintiff's opposition to defendants' motion asserts that the United States is the "sole" defendant in this action, although this confusion appears to be the result of removal to this Court. (Dkt. No. 23 ("Oppo.") at 3:108.)

Turning to the substance of the FAC, and giving plaintiff the benefit of liberality in light of his *pro se* status, it appears that the gravamen of his complaint is that the federal defendants failed to (i) provide him with and fill prescriptions for marijuana (FAC ¶¶ 5a, 5c-5j, 5l) and (ii) treat him for his marijuana addiction (*id.* ¶¶ 5b, 5k), and that the state defendants did not reimburse him for his marijuana purchases. (*Id.* ¶¶ 5m-5o.) Reduced to its essence, the FAC asserts that defendants' actions and/or inactions over the past thirty-four years support various tort claims (negligence, intentional infliction of emotional distress, medical malpractice, and defamation), and constitute violations of the ADA. Plaintiff further alleges a violation of the SSA as to federal defendants only for certain pharmacists' failure to "procure" marijuana at plaintiff's request. (*Id.* ¶ 5d.)

On April 17, 2015, the federal defendants[6] again moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mtn.) Plaintiff failed to respond within the time allowed, and defendants so notified the Court on May 8, 2015. (Dkt. No. 18.) The Court then issued an order regarding plaintiff's failure to respond and extending his time for response through May 26, 2015. (Dkt. No. 19.) According to the federal defendants, plaintiff sent an email to their counsel on May 16, 2015, attaching an excerpt from his opposition to defendants' first motion to dismiss (Dkt. No. 22, Exh. A), but plaintiff did not file same with the Court.[7] The federal defendants construed this email and its attachments as plaintiff's opposition, and thereafter replied in support of their motion. (Dkt. No. 22.) However, on May 26, 2015,[8] plaintiff filed a response in opposition (Oppo.), which is largely identical to plaintiff's response to defendants' first motion to

---

[6] The United States attorney removed this case and now moves to dismiss all claims against any named federal defendants, and against the United States as the proper party.

[7] Acknowledging that the Court was not in receipt of plaintiff's supposed opposition papers, defendants attached same as exhibit to their reply. (Dkt. No. 22, Exh. A).

[8] Plaintiff also filed his ex parte application granting judgment as a matter of law on May 26, 2015. (Dkt. No. 24.) Defendants did not respond thereto.

3

dismiss. (*Cf.* Dkt. No. 8, Exhs. B, C and Oppo.). Then, on June 2, 2015, federal defendants filed a supplemental reply to address these additional papers.[9] (Dkt. No. 27.)

## II. LEGAL STANDARDS

### A. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests the subject matter jurisdiction of the Court. *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003), *cert. denied*, 541 U.S. 1009 (2004). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir.1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 376–78 (1994).

### B. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To survive a motion to dismiss for failure to state a claim, a complaint generally must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. *Id.* at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*

---

[9] The Court also notes that plaintiff later submitted a series of filings on August 11, 2015. (Dkt. Nos. 32-40.) These filings are not responsive to the federal defendants' motion and do not change the outcome as reflected herein.

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. *See id*. at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 556 U.S. 679.

### III. DISCUSSION

The federal defendants move to dismiss the FAC without leave to amend. In support of this request, federal defendants proffer several bases for dismissal. First, with respect to the tort claims brought against the federal defendants, they argue that: (i) the individually named employees are not proper defendants, and the tort claims must instead be brought against the United States pursuant to the FTCA; (ii) the Court does not have subject matter jurisdiction over plaintiff's tort claims because he failed to exhaust his administrative remedies under the FTCA; and (iii) the FTCA does not allow for claims of defamation against the United States.[10] Second, defendants contend that the ADA claims are subject to dismissal because the ADA does not apply to the federal government. Finally, defendants argue that the FAC does not identify any plausible basis for a statutory claim under the SSA.

The Court addresses each of defendants' arguments in turn.

### A. Plaintiff's Tort Claims

#### 1. The United States is the Only Proper Defendant Under the FTCA

Sovereign immunity precludes suit against the federal government and its employees in their official capacity.[11] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued…'") (quoting

---

[10] Defendants advance additional arguments to dismiss the state tort law claims, including that they are time-barred under the FTCA. The Court briefly addresses this argument in footnote 13, *infra*, but finds further analysis unnecessary because the claims are dismissed on separate grounds. Defendants also argue that plaintiff is not entitled to the injunctive relief he seeks against the federal government, but the Court similarly declines to address the merits of this argument.

[11] Of course, state governments, their agencies, and employees (sued in their official capacity), are likewise entitled to sovereign immunity against suit to the extent it has not been waived. *Stanley v. Trustees of California State University*, 433 F.3d 1129, 1133 (9th Cir. 2006). Contrary to plaintiff's explicit references to FTCA waiver of sovereign immunity, the FAC does not allege that the state defendants waived sovereign immunity. Because any remaining claims against the state defendants are remanded, the Court declines to engage in a sovereign immunity analysis with respect to the state defendants as unnecessary.

*United States v. Sherwood*, 312 U.S. 584, 586 (1941)). Thus, absent a waiver of sovereign immunity, the federal defendants are immune from suit. The FTCA "provides generally that the United States shall be liable, to the same extent as a private party, 'for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment.'" *Kosak v. United States*, 465 U.S. 848, 851-52 (1984) (quoting the FTCA, 28 U.S.C. § 1346(b)).

The FTCA is the "exclusive remedy for tort actions against a federal agency," and is a limited waiver of sovereign immunity as to the United States only. *Kennedy v. U.S. Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("the United States is the only proper party defendant in an FTCA action…"). Despite the ambiguity as to which parties are even sued here, the federal defendants argue that the United States should be substituted as the sole defendant with respect to plaintiff's FTCA claims. The Court disagrees. The proper remedy is not to substitute the United States as the party defendant because doing so would necessarily assume that plaintiff's FTCA claims survive. To the contrary, for the reasons described below, plaintiff cannot maintain any of his FTCA claims even if the United States were named. Thus, substitution would be futile, and the FTCA claims are due to be dismissed without leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2004).

### 2. The Court Lacks Subject Matter Jurisdiction Over the FTCA Claims

Although the United States waived its sovereign immunity by the FTCA, it did not do so carte blanche. In addition to providing exceptions as to the type of tort claims that may be brought thereunder, *see* 26 U.S.C. section 2680, the FTCA also prescribes certain administrative remedies which a claimant must exhaust before filing suit. 28 U.S.C. § 2675(a). The FTCA's exhaustion requirement is a "clear statutory command." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Indeed, where the requirement is not met, the district court lacks subject matter jurisdiction over the claims. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Id.* (quoting *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

Defendants argue that plaintiff has failed to exhaust his administrative remedies with

6

respect to all tort claims the FAC asserts under the FTCA. In response, plaintiff maintains that he has "attempted to exhaust administrative remedies" and that those attempts are still "pending response and final decision's [sic] that were repeatedly denied payment of claim's [sic]…" (Oppo. at 3:111-14.) Plaintiff appears to confuse any administrative processes he has pursued with the "State Fair Hearing Division" and the "Social Security Administration" on the one hand, with his obligations to exhaust administrative remedies under the FTCA for torts allegedly committed by the Department of Veterans Affairs ("VA") on the other. (*Id.*)

To bring a claim for money damages against the United States under the FTCA, a "claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). The agency's failure to "make final disposition of a claim within six months" is "deemed a final denial" for purposes of exhaustion. *Id*. Plaintiff has not alleged that he has ever presented tort claims for money damages to the appropriate agency generally, or the VA particularly.[12] The Court is consequently without subject matter jurisdiction to adjudicate any tort claims plaintiff brings against the federal defendants under the FTCA.[13] The motion is **GRANTED** on these grounds.

### 3. Defamation Claims are Excluded Under the FTCA

Defendants argue that plaintiff cannot maintain a claim for defamation (FAC ¶ 5h)[14] against the federal defendants under the FTCA. As discussed above, the FTCA constitutes a limited waiver of sovereign immunity for tort claims, subject to exceptions. In particular, the FTCA does not waive sovereign immunity for claims arising out of libel or slander, *see* 28 U.S.C. § 2680(h), the two forms of defamation under California law. *See* Cal. Civ. Code § 44. The

---

[12] In fact, to the contrary, plaintiff alleges he is "seeking the Right-to-Sue Letter from the EEOC Counselor," with allegations against the Federal Defendant'(s) Facilities…" (FAC ¶ 3.)

[13] The Court also notes the FTCA requires that plaintiff present tort claims to the appropriate federal agency no more than two years after the claims accrued. 28 U.S.C. § 2401(b). The majority of plaintiff's allegations relates to events occurring between 1981 and 2012 and may therefore be time-barred even if plaintiff belatedly attempted to present these claims to the VA.

[14] The Court addresses defendants' sovereign immunity/FTCA argument without finding that plaintiff has alleged facts sufficient to state a plausible claim for defamation against the United States. To be sure, the defamation claim is conclusory at best, as the FAC does not identify any defamatory statements made by any defendants.

defamation claim against the federal defendants is therefore barred by sovereign immunity. *See Moore v. United Kingdom*, 384 F.3d 1079, 1088 (9th Cir. 2004) (the FTCA does not waive sovereign immunity for claims of libel and slander).

Accordingly, the FAC fails to state any cognizable claims sounding in tort against the federal defendants, and their motion to dismiss the tort claims is **GRANTED** on these grounds.

### B. ADA Claims

Plaintiff vaguely alleges violations of the ADA "for discrimination based on disability" as to the federal defendants (FAC ¶ 5a). Federal defendants move to dismiss the ADA claims, principally arguing that the ADA applies only to state and local actors, not the federal government.[15] Defendants point to the plain language of Titles I and II of the ADA to conclude that "[b]y definition, the ADA does not apply to the federal government." (Mtn. at 11:14-15) (quoting *Johnson v. Westermeyer*, 2014 WL 2807667, at *8 (D. Or. June 19, 2014).) In opposition, plaintiff claims that the VA facilities are instead subject to Title III of the ADA as "public accommodations" under 42 U.S.C. section 12181. (Oppo. at 2:65-66.) Although defendants do not directly address this argument, the Court rejects it as untenable. VA facilities, as branches of the federal government, are plainly not "private entities," as required by Title III of the statute. *See* 42 U.S.C. § 12181(7); *see also Pierce v. United States*, 117 Fed.Cl. 798, 801 (2014) (dismissing ADA claims against the United States because "the ADA does not apply to the federal government").

The federal government is therefore not subject to the provisions of the ADA,[16] and plaintiff cannot maintain ADA claims against the federal defendants. *See Id*. Accordingly, plaintiff fails to state any claims against the federal defendants under the ADA. Defendants' motion to dismiss on these grounds is **GRANTED**.

---

[15] Defendants also argue that the FAC does not allege that plaintiff suffers from a "disability" as defined in the statute, nor how defendants have failed to accommodate any disability. Because the federal defendants are not subject to the ADA, the Court does not address this additional argument.

[16] Titles IV and V of the ADA similarly do not provide plaintiff with a claim for relief against the federal government. Title IV addresses telecommunications services for hearing-impaired and speech-impaired individuals. *See* 47 U.S.C. § 225. Title V contains miscellaneous provisions which apply to the Equal Employment Opportunity Commission's enforcement of Title I. *See* 42 U.S.C. § 12201 *et seq*.

### C. SSA Claim

The FAC alleges a "violation under the Social Security Act," against the federal defendants, but does not identify any basis for relief under the SSA. (FAC ¶ 5d.) In fact, it is not entirely clear that plaintiff intended to bring a claim under the SSA. The portion of the CFR that plaintiff cites for the SSA claim, 28 CFR 36.207, implements the ADA, not the SSA. Nevertheless, and given the gravamen of plaintiff's FAC, the Court cannot discern any apparent basis for a claim under the SSA against the federal defendants on the face of the FAC. Defendants' motion to dismiss the SSA claim – to the extent one is even brought – is **GRANTED**.

### D. Leave to Amend

Leave to amend is liberally granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). One exception to this general rule of permissiveness, however, is where amendment would be futile. *Foman*, 371 U.S. at 182; *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). Plaintiff has failed to identify other facts or theories that would justify leave to amend by overcoming the federal defendants' sovereign immunity or allowing him to recover against the federal defendants under the ADA or SSA. Further, the Court previously provided leave to amend and plaintiff filed virtually the same complaint suggesting no other facts exist to allege. Thus, the Court finds that it would be futile to grant leave to amend under these circumstances.

### IV. PLAINTIFF'S REMAINING CLAIMS

The federal defendants removed this action on the basis that plaintiff's claims against the federal defendants permitted removal under 28 U.S.C. section 1442(a)(1). The state defendants did not join in the removal of this action.[17] This Order disposes of plaintiff's claims against the removing defendants – the federal defendants – entirely, and no other party has sought to invoke this Court's jurisdiction over any remaining claims. Remand is justified on this basis alone. In addition, where "federal claims are dismissed before trial…pendant state claims also should be dismissed." *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.3d 646,

---

[17] It does not appear that plaintiff served DHCS Medi-Cal Program Beneficiary Services or the six individual state defendants named in the FAC.

651 (1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because this action was removed from state court, any remaining claims against the state defendants are **REMANDED**.

### V. PLAINTIFF'S EX PARTE APPLICATION GRANTING JUDGMENT

Finally, the Court addresses plaintiff's ex parte application granting judgment as a matter of law. (Dkt. No. 24). The filing appears to request that the Court enter judgment in favor of plaintiff and against the federal defendants on grounds which remain elusive. For the reasons explained above, however, all claims against the federal defendants are dismissed. Accordingly, plaintiff's ex parte application on the claims against the federal defendants is **DENIED AS MOOT**.

### VI. CONCLUSION

For the reasons set forth above, the federal defendants' motion to dismiss all claims against them is **GRANTED**. Plaintiff's claims against the federal defendants are **DISMISSED WITHOUT LEAVE TO AMEND**.

The Clerk of the Court is directed to **REMAND** this action to the Superior Court of the State of California, County of San Francisco.

This Order resolves Dkt. Nos. 17 and 24.

**IT IS SO ORDERED.**

Dated: August 19, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**